Case 4:13-cv-00513-A Document 8 Filed 07/17/13 Page 1 of 7 PageID 37

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 17 2013
CLERK, U.S. DISTRICT COURT
By_____
                Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BLANTON, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-513-A |
| | § | |
| BANK OF AMERICA, N.A., ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION
and
## ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

## I.

### Background

Plaintiffs, Christopher Blanton and Shartress Fisher-Blanton, initiated this action by filing their verified application for immediate temporary restraining order in County Court at Law Number 1, Tarrant County, Texas, naming as defendants Bank of America, N.A., and Recontrust Company, N.A. ("Removing Defendants").[1] By notice of removal filed June 24,

---

[1] Also named as defendants are Barry & Sewart P.L.L.C. and Anna C. Sewart ("Law Firm
(continued...)

2013, Removing Defendants removed the action to this court, alleging that this court had subject matter jurisdiction by reason of diversity of citizenship, as contemplated by 28 U.S.C. § 1332, and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as contemplated by § 1332(a).

In the notice of removal, Removing Defendants alleged that because plaintiffs requested declaratory and injunctive relief seeking rescission of the foreclosure of their home and also sought to enjoin any further foreclosure action, the value of the property constituted the amount in controversy. Because the appraised value of the property was at least $149,600.00, Removing Defendants contend this amount exceeded the jurisdictional minimum.

Because of a concern that Removing Defendants had not provided the court with information that would enable the court to find the existence of the requisite jurisdictional amount, the

---

[1](...continued)
Defendants"), and America Homes 4 Rent Properties One LLC. Removing Defendants claimed that the Law Firm Defendants were improperly joined, such that their state of citizenship should be disregarded. Because the court finds that Removing Defendants have failed to establish that the amount in controversy in this action exceeds the jurisdictional minimum, the court need not resolve this issue.

court ordered Removing Defendants to file an amended notice of removal, together with supporting documentation, showing that the amount in controversy exceeds the jurisdictional amount. Removing Defendants timely complied with the court's order.

## II.

### Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[2] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995).

---

[2]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:
[A]ny civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction,</u> may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

3

Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. See Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 640 n.4 (5th Cir. 2003).

III.

The True Nature of Plaintiffs' Claims

The petition by which plaintiffs initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right

4

sought to be protected or the extent of the injury sought to be prevented. Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiff makes vague, general, and obviously legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiff used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiffs' claims. Having done so, and having considered the authorities and arguments cited by Removing Defendants in the amended notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

In the case at bar, the few factual allegations in the state court pleadings show only that plaintiffs contend their homestead property has been wrongfully foreclosed, and they ask that the defendants be enjoined from proceeding with the eviction process "during the pendency of this action." Notice of Removal, Ex. A-2 at 5. Nothing on the face of the state court pleadings gives any

indication as to the amount in controversy.

In the amended notice of removal Removing Defendants reurge their argument that because plaintiffs seek to enjoin defendants from foreclosing on the property, the value of the object of the litigation--plaintiffs' property--establishes the amount in controversy. Other than including citations to additional authorities,[3] Removing Defendants have offered nothing further to establish the amount in controversy.

To summarize, the court is convinced that there is no legitimate dispute in this action over ownership to the property, only plaintiffs' efforts to extend the time they can stay on the property following the foreclosure of their property. No information has been provided to the court that would enable the court to place a value on the interest plaintiffs seek to protect by this action. Thus, Removing Defendants have not shown by a

---

[3]Removing Defendants rely in part on the unpublished case Nationstar Mortgage LLC v. Knox, 351 F. App'x 844 (5th Cir. 2009) (per curiam). The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action. See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011). Additionally, the amended notice of removal includes a lengthy string cite of district court cases, both within and outside this jurisdiction, that purportedly support Removing Defendants' position. Absent from the amended notice of removal, however, are citations to any decisions of the undersigned holding otherwise, including cases where Removing Defendants' current counsel have represented other defendants and made the same arguments found in this action. See, e.g., Elsner, et al., v. The Bank of New York Mellon, et al., case number 4:11-CV-370-A; Singleton v. Bank of America, N.A., case number 4:11-CV-874-A; Navarette, et al. v. Bank of America, N.A., et al., case number 4:12-CV-377-A; Deason v. U.S. Bank, National Association, case number 4:-12-CV-820-A.

preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Consequently, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

## IV.

### Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED July 17, 2013.

JOHN McBRYDE
United States District Judge